# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JONATHAN WILLIFORD**                            **CIVIL ACTION NO.**

**VERSUS**                                                     **20-219-SDD-SDJ**

**BENJAMIN THOMAS BALLARD, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 3, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JONATHAN WILLIFORD                                    CIVIL ACTION NO.

VERSUS                                                          20-219-SDD-SDJ

BENJAMIN THOMAS BALLARD, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 filed by Petitioner Jonathan Williford, who is representing himself.[1] For the reasons that follow, this matter must be dismissed, as the Court now lacks jurisdiction to consider Petitioner's claims.

In the instant petition, Petitioner alleges that he was wrongfully denied bail[2] and requests that he be "release[d] with any restrictions the court finds necessary." As evidenced by Petitioner's "Notice of Change of Address," Petitioner has been released from confinement.[3] Article III, § 2 of the United States Constitution limits federal court jurisdiction to actual cases and controversies.[4] At the time Petitioner filed this petition, he met the "in custody" requirement for purposes of pursuing relief under § 2241.[5] However, "in order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[6] Because Petitioner has been released from confinement, this Court cannot provide him

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 2.
[3] R. Doc. 2.
[4] *Watkins v. Vasquez*, 451 Fed.Appx. 429, 430 (5th Cir. 2011) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
[5] 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).
[6] *Knox v. Serv. Emps. Int's Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

with the requested relief of release. Thus, there is not presently a case or controversy before this Court, and the Court is required to dismiss this action, as it lacks jurisdiction.[7]

## RECOMMENDATION

**IT IS RECOMMENDED** that this petition be **DISMISSED** for lack of jurisdiction and this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on February 3, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement."). *See also Herndon v. Upton*, -- F.3d --, 2021 WL 116535 (5th Cir. 2021).